IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Bruce Trey Hubbard, | C/A No. 0:14-2910-BHH-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Spartanburg County Detention Facility; LT. M. Jones; D-3 Deputy T. Hadden; SGT W. Church; Maj. Neal Urch; SGT K. Ashley; Capt. Hollifield; 1st SGT L. Pilgrim; Cpl. M. Higgins; Chaplain Ken Apple; Mr. Bianco, *Medical Doctor*; Lt. Hayes; and Cpl. L. Blackwell, | |
| Defendants. | |

The plaintiff, Robert Bruce Trey Hubbard, a self-represented litigant, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff was a detainee at the Spartanburg County Detention Center when he filed this action *in forma pauperis* under 28 U.S.C. § 1915.[1] Having reviewed the Third Amended Complaint in accordance with applicable law, the court concludes that one of Plaintiff's claims should be summarily dismissed and the following defendants should be dismissed from this case without prejudice and without issuance and service of process: Spartanburg County Detention Facility; LT. M. Jones; Maj. Neal Urch; and Capt. Hollifield.[2] The court further concludes that Plaintiff's motion for a preliminary injunction (ECF No. 20) should be terminated

---

[1] On December 22, 2014, Plaintiff submitted a notice of address change indicating that he is no longer incarcerated. (ECF No. 42.)

[2] A separately docketed order authorizes the issuance and service of process on the remaining defendants.



from the docket as moot because this motion seeks a restraining order against an officer that Plaintiff has voluntarily dismissed from the case.[3]

I. **Factual and Procedural Background**

The Complaint alleges a list of constitutional violations to include: (1) denial of mail; (2) denial of property; (3) denial of religious services; (4) impermissible punishment; (5) denial of a grievance process; (6) denial of attorney phone calls, access to a law library and legal copies; and (7) denial of adequate food portions. (ECF No. 1 at 4-6.) Plaintiff's Amended Complaint reiterates the Complaint's allegations and asserts a claim of deliberate indifference to Plaintiff's safety. (ECF No. 13 at 2.) Plaintiff's Second Amended Complaint alleges a denial of medical care (ECF No. 30 at 1-2) and the Third Amended Complaint asserts additional claims regarding a denial of medical care, contact with Plaintiff's attorney, showers, and adequate food portions (ECF No. 45 at 1-3).[4] Plaintiff seeks monetary damages and injunctive relief for the defendants' actions. (ECF No. 1 at 7; ECF No. 30 at 4; ECF No. 45 at 2-3.)

II. **Discussion**

   A. **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Third Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28

---

[3] Plaintiff's motion for preliminary injunction seeks protection from Deputy M. Jordan, who allegedly made threats toward Plaintiff. (ECF No. 20.) However, the Third Amended Complaint voluntarily dismissed Defendant Deputy M. Jordan as a defendant in this case. (ECF No. 45 at 1.)

[4] To preserve issues raised in this case and to give liberal construction to the pleadings, Plaintiff's Complaint (ECF No. 1), Amended Complaint (ECF No. 13), and Second Amended Complaint (ECF No. 30) have been appended as attachments to the Third Amended Complaint. (ECF No. 45.)

Page 2 of 7



U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Third Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Third Amended Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). For the reasons discussed below, Plaintiff's claim associated with the

PJG

defendants' denial of a grievance process and several defendants should be summarily dismissed from this case.

Plaintiff alleges a violation of his Fourteenth Amendment right to due process by Defendants Jones, Ashley, and Pilgrim when they "repeatedly intercepted" grievances filed by Plaintiff at the Spartanburg County Detention Facility. (ECF No. 1 at 4.) Plaintiff further alleges that Defendants Urch and Hollifield failed to punish such actions and failed to respond to Plaintiff's grievances and complaints about this issue. (Id.) However, a prisoner has no constitutional right to a grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Daye v. Rubenstein, No. 10-6938, 2011 WL 917248, at *2 (4th Cir. Mar. 17, 2011); Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). As the failure to process or respond to Plaintiff's grievances fails to state a cognizable claim under § 1983, such allegations are subject to summary dismissal as to all defendants. Further, because Plaintiff's only specific allegations against Defendants Jones, Urch and Hollifield are in relation to the grievance process claims, these three defendants are entitled to summary dismissal from this action without issuance and service of process.

Moreover, Plaintiff has named one party, the Spartanburg County Detention Facility, which is not a proper defendant in this case. It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL

2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); see also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The Spartanburg County Detention Facility is a building which houses detainees and other inmates awaiting state court proceedings. As this defendant not a "person" amenable to suit under § 1983, it is also entitled to summary dismissal from this case.[5]

### III.  Conclusion

For the foregoing reasons, it is recommended that the claim discussed above be summarily dismissed from the Third Amended Complaint and that Defendants Spartanburg County Detention Facility, LT. M. Jones, Maj. Neal Urch, and Capt. Hollifield be dismissed from this case without prejudice and without issuance and service of process. It is further recommended that Plaintiff's motion for a preliminary injunction be terminated as moot. (ECF No. 20.)

_Paige J. Gossett_
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 30, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

---

[5] While not listed as separate defendants in this case, Plaintiff's Complaint discusses actions allegedly taken by Spartanburg County Detention Facility Administrators and Spartanburg County Detention Facility Food Preparation Staff. (ECF No. 1 at 6.) However, "use of the term 'staff' or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a 'person' as required in § 1983 actions." See Thomas v. S.C. Dep't of Corr., C/A No. 0:14-3244-DCN, 2014 WL 4700219, at *3 (D.S.C. Sept. 19, 2014). Thus, any claims against such parties would also be subject to summary dismissal.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).